# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-287

**STATE OF LOUISIANA**

**VERSUS**

**JEFFERSON W. GILL**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NUMBER 460-2001
HONORABLE HERMAN I. STEWART, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## BILLIE COLOMBARO WOODARD
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Chief Judge Ulysses G. Thibodeaux, Billie Colombaro Woodard, and Oswald A. Decuir, Judges.

**AFFIRMED AS AMENDED.**

Richard A. Morton, Assistant District Attorney
David W. Burton, District Attorney
36th Judicial District
Post Office Box 99
DeRidder, Louisiana 70634
(337) 463-5578
COUNSEL FOR PLAINTIFF/APPELLEE:
        State of Louisiana

Edward K. Bauman
Louisiana Appellate Project
P.O. Box 1641
Lake Charles, Louisiana 70602
(337) 491-0570
COUNSEL FOR DEFENDANT/APPELLANT
        Jefferson W. Gill

WOODARD, Judge.

        Jefferson W. Gill appeals his conviction of vehicular homicide, a violation of La.R.S. 14:32.1, contending the evidence is not legally sufficient to support the verdict.  We affirm the judgment, amending only by removing the words "as a condition of parole" in the judgment.

* * * * *

        On May 22, 2001, passers-by noticed a burning truck in the woods about 50 feet off of Highway 190 near DeRidder sometime between 10:00 and 10:30 p.m.  The witnesses called 911.  One of the witnesses saw a black male with his back on fire get out of the driver's side of the truck, stumble backwards ten feet, and fall down, unconscious.  The male was later identified as Jefferson Gill.  The witness approached the truck and saw a woman lying on the ground about five feet away from the passenger side of the truck.  She was later identified as Lisa Faye Thomas.

        Rescue personnel arrived and extinguished the truck fire.  The driver's side and the front of the truck were wrecked, and the roof was crushed. Gill regained consciousness and told one of the firefighters his knee and right shoulder hurt.  State Trooper Rogers arrived on the scene at 12:17 a.m. and began questioning him while he was in the ambulance.  Gill told Rogers that he was not the driver and was asleep when the accident occurred.  After some questioning, the ambulance took him to the hospital for treatment.

        Gill had burns on his feet and lower legs, injuries to his face, head, and a fracture of his cervical spine.  Lisa Faye Thomas was pronounced dead at the hospital.  Her cause of death was listed as massive chest trauma resulting from the crash.

        When Trooper Rogers arrived at the hospital, he advised Gill of his *Miranda* rights and questioned him further about the accident.  Rogers testified that Gill "stated that he had gone to Club 68 here in DeRidder, where he had picked up Ms. Thomas.  At that time he just said it was his girlfriend.  He didn't know who she was. From there, they had gone to Leesville and he had drank a beer.  Then he had gone to sleep, didn't remember anything else." Again, Gill denied he was driving when the accident occurred.  Based on his investigation and questioning, Rogers asked him to

2

consent to a chemical test of his blood. The result of this test was .09 grams percent. Rogers issued Gill a citation for vehicular manslaughter, to which Gill pled not guilty on March 5, 2002. After a three day jury trial, the jury returned a guilty verdict. The trial court sentenced Gill to nine years at hard labor, two without benefit of probation, parole or suspension of sentence, and fines in the amount of $5000.00. Gill appeals the verdict, alleging the evidence is not legally sufficient to support the jury's verdict.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record. After reviewing the record, we find one. The trial court incorrectly required Gill's participation in a court-approved, substance-abuse program and a driver-improvement program as a condition of his parole.

A trial court exercises no authority over the penalty phase of the sentence "and can impose no condition on the parole responsibility of the parolee."[1] The penalty provision of the vehicular homicide statute requires the defendant's participation "in a court-approved substance abuse program or a court-approved driver improvement program or both."[2] The only discretion the trial court has is whether a defendant participates in one program, or in both programs. Nevertheless, the trial court required defendant's participation in both programs as a condition of parole. Therefore, we delete the portion of the sentence, ordering the participation in the programs as a *condition of parole*, and we require Gill's participation in both programs.

## STANDARD OF REVIEW

When reviewing an appeal which alleges that the evidence is not legally sufficient to support the verdict, we review the evidence in the light most favorable to the prosecution, the Supreme Court enunciated in *Jackson v. Virginia*.[3] We

---

[1]*State v. Bradley*, 99-364, p. 6 (La.App. 3 Cir. 11/3/99), 746 So.2d 263, 267.

[2]La.R.S. 14:32.1.

[3]*Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 2d 560 (1979); *State v. Myers*, 02-1296 (La. App. 3 Cir. 3/05/03), 839 So.2d 1187, *writ denied*,

determine whether the any rational trier of fact could conclude that all essential elements of the crime were proven beyond a reasonable doubt.[4] The trier of fact weighs the credibility of witnesses; and therefore, we do not second-guess his or her credibility determinations beyond that of the sufficiency standard.[5] Ultimately, all evidence, both direct and circumstantial, must be sufficient under *Jackson* to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt.[6] For circumstantial evidence to convict, "it must exclude every reasonable hypothesis of innocence."[7]

**SUFFICIENCY OF THE EVIDENCE**

Louisiana Revised Statutes 14:32.1 define the elements of vehicular homicide as:

> A. Vehicular homicide is the killing of a human being caused proximately or caused directly by an offender engaged in the operation of, or in actual physical control of, any motor vehicle ... whether or not the offender had the intent to cause death ... whenever any of the following conditions exists:
>
> > (1) The operator is under the influence of alcoholic beverages as determined by chemical tests...
> >
> > (2) The operator's blood alcohol concentration is 0.08 percent or more by weight based upon grams of alcohol per one hundred cubic centimeters of blood.

Gill alleges that the State failed to prove beyond a reasonable doubt that (1) he was driving the truck when the accident occurred, and (2) that he was intoxicated at the time of the accident. After reviewing all the evidence under the *Jackson*

---

03-0991 (La. 10/10/03), 855 So.2d 330.

[4]*State v. Cortez,* 96-859 (La.App. 3 Cir. 12/18/96), 687 So.2d 515.

[5]*Id.*

[6]*State v. Wright*, 445 So.2d 1198 (La.1984)

[7] La.R.S. 15:438.

standard, we conclude that a rational trier of fact could find that Gill crashed the truck while intoxicated.

### GILL DROVE THE TRUCK CAUSING THE ACCIDENT

Gill contends that the evidence does not prove beyond a reasonable doubt that he drove the truck when it was involved in the one vehicle-accident. We do not agree. At trial, a witness testified that after the accident, he crawled out of the driver's side of the vehicle. The witness saw the body of the victim five feet behind the passenger side of the vehicle. Gill's treating physician in the ER testified that Gill told him that he was driving the vehicle when the accident occurred. Trooper Rogers' testimony indicates that Gill told him twice that he had not been driving at the time of the accident, but had been driving earlier and had one beer. Rogers testified that he assumed Gill was driving when Gill told him he fell asleep before the accident.

Further, several witnesses testified that the victim never learned how to drive a car, never obtained a driver's license, never drove a car, and never owned a car because of a seizure disorder. Gill produced nothing at trial contravening this evidence. Looking at this evidence in the light most favorable to the prosecution, this strong circumstantial evidence negates any reasonable claim by Gill that the victim was driving when the accident occurred.

### GILL DROVE THE TRUCK WHILE INTOXICATED

Gill next contends that the state failed to prove that he drove the truck while intoxicated and that the intoxication caused the accident.

The evidence does not support his contention. Trooper Rogers testified that when he interviewed Gill at the scene, he noticed a strong alcohol odor, slurred speech, and red eyes. The first blood sample, taken from Gill by hospital personnel for treatment purposes, read .145 grams percent. A second blood sample, taken for law enforcement purposes about four hours after the accident, showed Gill's blood alcohol concentration was .09 grams percent. Further, Gill admitted to the trooper and the ambulance personnel that he was drinking before the accident. The victim's brother-in-law testified that Gill drove to his house and was drinking a beer about three hours before the accident.

We conclude there is enough evidence in the record to support the jury's conclusion that Gill was driving while intoxicated at the time of the accident.

The vehicular homicide statute also requires proof of causation. In *State v. Gibson*, this court stated:

> The Louisiana Supreme Court has held that "under the vehicular homicide statute, the state, in order to convict, must prove that an offender's unlawful blood alcohol concentration combined with his operation of a vehicle to cause the death of a human being." "It is insufficient for the state to prove merely that the alcohol consumption 'coincides' with the accident."[8]

In the case at bar, there is sufficient evidence that a reasonable trier of fact could conclude that Gill's intoxication cased the accident. Trooper Rogers' investigation of the accident scene revealed Gill's truck ran off the right side of the road through a ditch, spun around, crashed through a fence, and into three trees before coming to a stop. No evidence was offered suggesting any other cause of the crash, such as another vehicle, mechanical defect or failure, weather conditions, or a defect in the roadway.

* * * * *

**CONCLUSION**

We conclude that the state proved beyond a reasonable doubt that Gill was intoxicated at the time of the accident which caused Lisa Faye Thomas' death, and that his impaired driving was a contributing factor in the wreck. We amend the judgment, only, to remove the words "as a condition of parole."

**AFFIRMED AS AMENDED.**

---

[8] 97-108, p.7 (La.App. 3 Cir. 4/30/97), 693 So.2d 286, 290 (*internal citations omitted*).

6